The opinion of the Court was delivered by
Dunkxn, C. J.
The report of the presiding .Judge shows that, on the first ground, the plaintiff had no cause to complain.
The second ground substantially assumes that, if the plaintiff had offered no further evidence than the failure of the defendants to prosecute, he was entitled to a verdict. The authorities do not sustain this proposition. Mr. Greenleaf .says (the authority cited by the plaintiff) that, “in' the ordinary cases, it will not be sufficient to show that the plaintiff was acquitted of an indictment, by reason of the non-appear.ance of defendant, who was the prosecutor; nor that the defendant, after instituting a prosecution, did not proceed with it; nor that the Grand Jury returned the bill not found.”
The presiding Judge thinks that he, perhaps, was in error, an not ordering a nonsuit instead of sending the case to the jury. In the early case of Lipford vs. McCollum, 1 Hill, 82, our Courts say: “ What is probable cause is a question of law .for the Court. If there is any evidence, showing an absence of it, the case should go to the jury; otherwise, it is the duty of the Court to order a nonsuit.” In Campbell vs. O'Bryan, 9 Rich. 204, the plaintiff had been arrested on a warrant to keep the peace; but was afterwards released. For want of other proof of want of probable cause, the plaintiff was non-suited.
In submitting the evidence to the jury in this case, the *45 presiding Judge allowed the plaintiff every advantage to which he could be entitled.
The motion is dismissed.
Waedlaw and Inglis, J. J., concurred.

Motion dismissed.